W. F. CLARK *v.* SAMANTHA PHILLIPS.

[Abstract Kentucky Law, Reporter, Vol. 4—826.]

**Time in Promise of Marriage.**
> When there is an agreement to marry and no time is agreed upon for the ceremony to take place, there is a breach of such contract when such marriage is not consummated within a reasonable time thereafter.

**Evidence of Birth of a Child in a Suit for Breach of Marriage Contract.**
> Where in a defense to a suit brought by a woman for breach of contract to marry the defendant pleaded that she was an unchaste woman, the fact that she gave birth to an illegitimate child would have been sufficient to authorize the jury to find for him; but evidence is admissible to show that the defendant is the father of the child and that she had been chaste as to all other persons.

APPEAL FROM TAYLOR CIRCUIT COURT.

March 22, 1883.

OPINION BY JUDGE PRYOR:

That a contract to marry was entered into between the appellant and appellee is well established, and that appellee fixed the time and place for its consummation and so notified the appellant is also proved. The appellant has pleaded the statute of limitation, and the only error complained of in regard to the pleadings is the failure on the part of the appellee to allege when the contract was entered into. It seems that the two had been lovers for many years, and were engaged to be married long before the institution of this action, in which a breach of the contract is alleged. The time when the original agreement was made is left blank, and on a rule against the appellee to fill up the blank she responds by saying that she is not able to give the date, but as late as January, 1875, the promise to marry was talked of and recognized as existing between them. It is alleged in the petition that no definite time was agreed on by the parties when the marriage should take place, but it was to be consummated within a reasonable time, and the pleadings and proof show that within a year from the bringing of the action the appellant was still agreeing to comply, and the response should be regarded as fixing the date, for upon that response the rule was discharged. He

had been promising to evidence his affection for the appellee by marrying her on many occasions from the period of their first engagement until and even after he had accomplished her ruin by seducing her, and is now insisting that the original promise to marry had been made more than one year prior to the institution of the action. His plea of limitation must not prevail. He has called for the date upon which the promise was made, and it has been given in the response, and whether it was an agreement to comply with a promise made years before or not is immaterial. It was a distinct and an independent agreement, although it might have had reference to the time when he first obtained her confidence and affection. It was incumbent on her to show the agreement within the year, and this has been done, and there is no cause, therefore, for reversing the judgment on the defense of limitation.

It is urged again, however, that the appellant was prejudiced by the introduction of testimony showing that he had not only violated his promise to marry the appellee, but that she had given birth to a child, by reason of sexual intercourse with him, when no allegation of special damage had been alleged. We think all the testimony on this branch of the case was properly admitted. As a defense to the action he pleaded that she was an unchaste woman, and the fact that she had given birth to an illegitimate child would have been sufficient to authorize the jury to find for him, unless it had been shown that the gratification of his own animal desires prompted him to make love to this confiding and unfortunate girl. He seduced the appellee under the roof of her father's house, whose hospitality he had enjoyed for many years and was recognized almost as a member of the family by reason of the belief on the part of all that his visits were made from the purest motives. Her lack of virtue dates from the time of her seduction by him, and doubtless she would now today be possessed of all the attributes so essential to the purity of every woman but for his heartless disregard of the most solemn vows he had made.

The plea in which a want of virtue is alleged is also defective because it fails to state that he was ignorant of her character when the contract was made, but as already said, if the plea had been good this blast upon her character originated alone from the conduct of

the appellant, and to him is to be attributed the downfall of a once pure and confiding girl.

The verdict for $10,000 will not be disturbed. Judgment *affirmed*.

*P. B. Thompson, Jr., for appellant.*